FILED IN OPEN COURT

UNITED STATES DISTRICT COURT   9.15.2022
MIDDLE DISTRICT OF FLORIDA   CLERK, U. S. DISTRICT COURT
JACKSONVILLE DIVISION   MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

     v.                   CASE NO. 3:21-cr-131(S1)-BJD-MCR

MICHAEL RAY KING

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Michael Ray King, and the attorney for the defendant, Donald B. Mairs, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

1.   **Count Pleading To**

The defendant shall enter a plea of guilty to Count Four of the superseding indictment. Count Four charges the defendant with knowing receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

2.   **Minimum and Maximum Penalties**

Count Four is punishable by a mandatory minimum term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, or both, a term of supervised release of not less than 5 years, or life, and a special assessment of $100, said special assessment due on the date of sentencing. Pursuant

Defendant's Initials _MK_                    AF Approval _MT_

to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 2 years. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of not more than $35,000 per count on any defendant convicted of an offense in violation of 18 U.S.C. § 2252(a)(2).  Pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment per count on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act

Defendant's Initials _____       2

(exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.   **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty. The elements of Count Four are:

First:   That the defendant knowingly received one or more matters that contained a visual depiction;

Second:   That such visual depiction was received using a means or facility of interstate and foreign commerce, that is, by computer via the internet;

Third:   That the production of such visual depiction involved the use of at least one minor child engaging in sexually explicit conduct;

Fourth:   That such visual depiction was of at least one minor child engaged in sexually explicit conduct; and

Fifth:   That the defendant knew that at least one of the performers in such visual depiction was a minor child and knew that the visual depiction was of such minors engaged in sexually explicit conduct.

Defendant's Initials _MK_      3

4.   **Counts Dismissed**

At the time of sentencing, the remaining counts of the superseding indictment against the defendant, Counts One, Two, Three, Five, and Six, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   **Dismissal of Original Indictment**

If the Court accepts this plea agreement, the United States will move to dismiss the original indictment returned in this case on December 1, 2021.

6.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.   **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

Pursuant to 18 U.S.C. §§ 3663A(a) & (b), 18 U.S.C. § 3664, and/or 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that

Defendant's Initials _____      4

this criminal conduct (or relevant conduct) includes any minor victim of any child

pornography offenses, charged or uncharged, under Chapter 110, United States

Code, and any minor victim of any violation of federal and/or state law committed

by the defendant, including any contact sexual offense. Further, pursuant to 18

U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing

hearing if the victims' losses are not ascertainable prior to sentencing.

    8.    **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information

is received suggesting such a recommendation to be unwarranted, the United States

will recommend to the Court that the defendant receive a two-level downward

adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The

defendant understands that this recommendation or request is not binding on the

Court, and if not accepted by the Court, the defendant will not be allowed to

withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior

to operation of subsection (a) is level 16 or greater, and if the defendant complies

with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement,

including but not limited to, the timely submission of the financial affidavit

referenced in Paragraph B.5., the United States agrees to file a motion pursuant to

USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant

understands that the determination as to whether the defendant has qualified for a

downward adjustment of a third level for acceptance of responsibility rests solely

with the United States Attorney for the Middle District of Florida, and the defendant

agrees that the defendant cannot and will not challenge that determination, whether

by appeal, collateral attack, or otherwise.

9.   **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and

voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United

States, the defendant or defendant's nominees. The assets to be forfeited specifically

include, but are not limited to, the following:

a.   a Dell Alienware mini computer, service tag, 1LMR322,
     containing a 250GB Samsung solid state drive, serial number
     S21NNXCGA44226H; and

b.   a Seagate Game Drive for Xbox Model No. SRD0NF1, serial
     number NZ0732KM, assembled in and a product of China,

which assets contained visual depictions of minors engaging in sexually explicit

conduct and/or were used to receive and possess child pornography.

The defendant agrees and consents to the forfeiture of these assets

pursuant to any federal criminal, civil judicial or administrative forfeiture action.

The defendant also agrees to waive all constitutional, statutory and procedural

challenges (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture described herein constitutes an excessive fine, was not

Defendant's Initials _____                    6

properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

Defendant's Initials _____     7

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

Defendant's Initials _____    8

10.   **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B.   **Standard Terms and Conditions**

1.   **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such

Defendant's Initials _MK_                    9

counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

### 2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3.   **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

Defendant's Initials                     10

character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

   5.   **Financial Disclosures**

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank

Defendant's Initials ___      11

records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____                 12

7.     **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.  **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.  **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials _____        14

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____        15

13.   **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __14__ day of __September__, 2022.

ROGER B. HANDBERG
United States Attorney


_____          _____
MICHAEL RAY KING                   D. RODNEY BROWN
Defendant                          Assistant United States Attorney


_____          _____
DONALD B. MAIRS                    KELLY KARASE
Attorney for Defendant             Assistant United States Attorney
                                   Deputy Chief, Jacksonville Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-131(S1)-BJD-MCR

MICHAEL RAY KING

## PERSONALIZATION OF ELEMENTS

1.      On or about September 3, 2021 at 22:13:11 UTC, in the Middle District of Florida, did you knowingly receive a matter that contained a visual depiction, that is, a video, as charged in Count Four of the Indictment?

2.      Do you admit that this visual depiction was received using a means and facility of interstate and foreign commerce, that is, by computer via the internet?

3.      Do you admit that the production of such visual depiction involved the use of two prepubescent minor female children engaging in sexually explicit conduct, that is, genital-genital sexual intercourse between a prepubescent minor and an adult male, lascivious exhibition of a minor's genitalia, and masturbation?

4.      Do you admit that this visual depiction was of prepubescent minors engaging in sexually explicit conduct?

5.      Do you admit that you knew that one of the performers in this visual depiction was a prepubescent minor and that you knew that the visual depiction was of such minor engaged in sexually explicit conduct?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-131(S1)-BJD-MCR

MICHAEL RAY KING

### **FACTUAL BASIS**

In 2021, the Federal Bureau of Investigation (FBI) engaged in an investigation

of individuals who were using a particular online file-sharing network to receive and

share child pornography. Using law enforcement software, the FBI determined that

on July 1, 2021, July 17, 2021, August 27, 2021, and between August 29 and

September 4, 2021, a computer on this network using a particular IP address sent

requests for several certain known video files depicting prepubescent minors

engaging in sexually explicit conduct. Further investigation revealed that on these

dates, this IP address resolved to a residence in Jacksonville, Florida where

defendant, Michael Ray King, resided.

On November 17, 2021, FBI agents and personnel executed a federal search

warrant at King's residence in Jacksonville. King was at the residence and agreed to

speak with two FBI agents inside a government vehicle parked outside the residence.

This interview was audio recorded. King was informed that he was not under arrest

and that the FBI was executing a search warrant at his residence. After being advised

Defendant's Initials _____

of his constitutional rights, King stated, in substance and among other things, the following:

King has lived at the residence for approximately three years and has had internet service the entire time in his name. King is technically proficient with computers and considers himself an above-average computer user. King has built computers and is proficient in understanding computer software. He is familiar with the particular online file-sharing network and downloaded it "a couple years ago" but did not understand it and no longer uses it. King uses several different social media applications. King uses his Samsung cellular phone and his HP laptop computer to access the internet. The password to King's HP laptop is the same as his cellular phone but he believes he is the only person who uses the laptop. King stated that there was no child pornography on his phone. When asked "why was it coming from the house," King responded, "I don't know."

King uses a particular social media application (app) for "trading pictures of adult women" with other users. He uses one particular chat room for this purpose and stated, "I've tried to find other rooms, but I don't ever get anything out of those." King has observed child pornography in online chat groups but stated "that's not what I'm looking for" and "I move on, I don't look for that." He claimed to have left chat rooms because of the presence of child pornography and stated that he has sometimes reported such postings to the administrator. When asked why he trades adult pornography when it is readily available on the internet, King responded, "I don't know."

Defendant's Initials                     2

At that point, there was a break in the interview, and King and the agents exited the vehicle. Meanwhile, an FBI Task Force Officer located a Seagate Game Drive for Xbox, model number SRD0NFI, serial number NZ0732KM, connected to an Alienware mini personal computer, among other items, on the TV console in the living room of King's residence. A forensic preview of the Seagate Game Drive revealed that it contained at least 250 images and at least 50 videos depicting child sexual abuse material, including prepubescent children being vaginally penetrated, bestiality, and bondage. It contained folders in its directory for the particular online file-sharing network.

The interviewing FBI agents approached King and asked if he would provide the password for a secure folder on his Samsung cellular phone. He agreed to do so. King also gave verbal consent for the FBI to search contents of applications that were present on his cellular phone. The agents showed King the Seagate Game Drive. When asked which of his other hard drives had the same type of material on it, referring to child pornography, King responded "there's nothing else, nothing." King stated the Seagate Game Drive was connected to his gaming console and he is the only one who uses the gaming console. When asked if it was his hard drive, King responded "if it's in my house, I guess it's my hard drive."

Subsequent forensic analysis of King's Seagate Game Drive for Xbox and his Dell Alienware mini computer was conducted by the FBI. The Seagate Game Drive contained the child-pornographic videos that were requested by King in July,

Defendant's Initials _NK_                    3

August, and September 2021 using the particular online file-sharing network. The file titles, dates/times of download, and descriptor keys of each of these videos were found in the "Downloads" logs on the Seagate Game Drive, and shows the actual dates/times that these videos were downloaded from the particular online file-sharing network using the internet. These download dates/times correspond to the dates/times that King made the requests for these videos using the network. For example, between August 30, 2021 and September 3, 2021, King caused a request to be sent over the network for a particular video titled, "DSC_7464.MOV." After this request was processed, this particular video was downloaded over the internet and received on September 3, 2021 at 22:13:11 UTC (the basis of Count Four of the indictment). This video was recovered by the FBI from the Seagate Game Drive at the path "[root]/[network]/downloads/o2/DSC_7464.MOV." This video is 9 minutes and 36 seconds in length, and depicts two prepubescent minor female children, both appearing to be 4-6 years old. The video starts with one child's exposed vagina facing the camera and an adult male's erect penis also exposed to the camera. The adult male can be seen rubbing his penis and the child's vagina. At approximately 1:40 in the video the adult male rubs his erect penis on the child's vagina. At approximately 4:29 on the video the adult male places lotion onto his erect penis and the one female child rubs his erect penis. At approximately 5:16 in the video, the second female child rubs the male's erect penis. In sum, this video depicts minors engaged in sexually explicit conduct, that is, the genital-genital sexual

Defendant's Initials _____       4

intercourse between a prepubescent female and an adult male, lascivious exhibition of a minor's genitals, and masturbation.

King's Seagate Game Drive also contained numerous other files with titles indicative of child-pornographic content that appear in the "Downloads" folder. The analysis also showed that King had subscribed to numerous message boards on the file-sharing network, including "tor-childporn (15)," "lolicam_keyed," and "pthc (69)," and that he used these boards to obtain certain "keys" that are used to request specific child-pornographic files from other users on the network.

King's Dell Alienware mini computer contained a file structure on the particular online file-sharing network for user "Lissof," a user name that King admitted using. This folder structure was created on February 14, 2020. The forensic analysis further showed that the Seagate Game Drive (serial no. NZ0732KM) had been connected to the Dell mini computer on numerous occasions. When these two items were seized by the FBI on November 17, 2021, they were connected by a cable. The forensic analysis showed that at least four specific child sexual abuse videos that were found on the Seagate Game Drive were accessed using the Dell mini computer. The Dell mini computer contained thumbnails depicting child pornography in its thumbcache.db files. Five images of child pornography from the Seagate Game Drive were visually matched to five smaller thumbnail photos of the same images on the Dell mini computer. King's unique network location ID number and IP address was located in configuration files resident on the Dell mini computer at file path "/Users/lissof/AppData/Local/[file-sharing network]/." Logs from

Defendant's Initials _____     5

Windows Defender, a Microsoft malware protection tool, were recovered showing activity on July 1, 2021, July 17, 2021, August 27, 2021, and August 29 through September 3, 2021, showing internet activity. Logs were recovered from the logs folder of the particular file-sharing network showing activity on these same dates.

King used the particular online file-sharing network to seek out and request child pornography. He also knowingly received depictions of child pornography, included the video described above that is the basis of Count Four of the indictment, in Jacksonville, Florida through his use of a computer on the particular file-sharing network while connected to the internet, a facility of interstate commerce. The production of the depictions of child pornography received and possessed by King each involved the use of a minor child engaged in sexually explicit conduct. King knew that each of the child-pornographic depictions that he received and possessed depicted at least one minor child and that the visual depictions were of such minor children engaged in sexually explicit conduct.

King acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.